UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLARENCE V. KNIGHT,<br><br>    Petitioner,<br><br>  v.<br><br>M. S. EVANS, Warden,<br><br>    Respondent. | No. C 08-03546 LHK (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

The following facts appear to be undisputed, unless noted otherwise. In 2007, at Salinas Valley State Prison, Petitioner was found guilty of violating a prison regulation prohibiting possession of inmate manufactured alcohol. (Pet. at 24–27). A search of Petitioner's cell turned up a gallon of "pruno" (inmate-manufactured wine), approximately 50 apples and approximately 3 pounds of pruno "kicker" (a substance used to start the process of inmate-manufactured alcohol) made from apples. The items were found in a

common area of the cell under the bottom bunk. (*Id.* at 24). Petitioner pleaded not guilty, stating that he does not drink alcohol and did not have pruno. (*Id.* at 26). Petitioner's cellmate, Charles Thomas, testified at Petitioner's request. (*Id.*) Thomas testified that the pruno was his, and that Petitioner did not drink alcohol. (*Id.* at 26, 32–33). At the conclusion of the hearing, Senior Hearing Officer Lieutenant C. Barroga found Petitioner guilty of possessing inmate manufactured alcohol. (*Id.* at 27). He based the verdict on (1) the finding of 1 gallon of pruno, 50 apples, and 3 pounds of pruno kicker in Petitioner's cell, (2) the fact that the pruno was found in a common area of the cell, (3) the significant amount of pruno found was too large for individual consumption, and (4) Petitioner's admission that there was pruno in the cell. (*Id.*) As his punishment, Petitioner was assessed 120 days forfeiture of good-time credits. (*Id.* at 24.) In response to the disciplinary decision, Petitioner sought, but was denied, relief on administrative and state judicial review. The Monterey County Superior Court, which issued the last reasoned decision on Petitioner's state habeas claims, concluded that there was more than enough evidence to support the disciplinary finding. In the state court's opinion, the sole fact that the pruno was found in a common area of the cell was sufficient to support the prison's decision. (*Id.* at 11.)

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Premo v. Moore*, No. 09-958, slip op. 1 at 4 (U.S. January 19, 2011).

1   "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state
2   court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of
3   law or if the state court decides a case differently than [the] Court has on a set of materially
4   indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under
5   the 'unreasonable application' clause, a federal habeas court may grant the writ if the state
6   court identifies the correct governing legal principle from [the] Court's decision but
7   unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A]
8   federal habeas court may not issue the writ simply because that court concludes in its
9   independent judgment that the relevant state-court decision applied clearly established
10  federal law erroneously or incorrectly. Rather, that application must also be unreasonable."
11  *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask
12  whether the state court's application of clearly established federal law was "objectively
13  unreasonable." *Id*. at 409.

## DISCUSSION

15  Petitioner alleges that his prison disciplinary guilty verdict is constitutionally invalid
16  because (A) there was no evidentiary support for his guilty verdict, and (B) Barroga denied
17  Petitioner a fair and impartial hearing when he did not rely on Thomas's exonerating
18  testimony. Petitioner subsumes these two arguments into a single claim. (Pet. at 6.)

19  As to (A), the revocation of good-time credits does not comport with due process
20  unless the findings of the prison disciplinary board are supported by some evidence in the
21  record. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985). There must be some indicia
22  of reliability of the information that forms the basis for prison disciplinary actions. *See Cato
23  v. Rushen*, 824 F.2d 703, 704–05 (9th Cir. 1987). Review of the reliability determination
24  should be deferential. *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987).

25  Petitioner has failed to show that there was not at least "some evidence" to support his
26  guilty verdict. As the record shows, Barroga relied on the facts that Petitioner had in a
27  common area of his cell pruno and the ingredients with which to make pruno, both in

amounts too large or numerous for mere individual consumption. Such evidence provides sufficient support for the prison's disciplinary determination.

As to (B), Petitioner claims that he did not receive an impartial hearing consonant with due process because of Barroga's failure to include Thomas's testimony in the disciplinary report and his failure to accept and rely on Thomas's testimony when finding Petitioner guilty. (*Id.* at 6, 46.) This claim is without merit. This Court must accord Barroga's determination of Thomas's credibility the highest deference. *See Knaubert v. Goldsmith*, 791 F.2d 722, 727 (9th Cir. 1986). Petitioner's mere allegation that Barroga should have believed Thomas is insufficient to overcome this deference. As a result, Petitioner is not entitled to relief, and this claim must be DENIED.

## CONCLUSION

The state court's denial of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent, and close the file.

**IT IS SO ORDERED**.

DATED: January 25, 2011

LUCY H. KOH
United States District Judge